# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFFREY T. MAEHR, | ) | CASE NO. 8:08CV190 |
| Petitioner, | ) | |
| v. | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| JEFFREY T. MAEHR, | ) | CASE NO. 8:08CV213 |
| Petitioner, | ) | |
| v. | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| JEFFREY T. MAEHR, | ) | CASE NO. 8:08CV214 |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM |
| INTERNAL REVENUE SERVICE, | ) | AND ORDER |
| Respondent. | ) | |

These matters are before the court on Jeffrey T. Maehr's ("Maehr") Motion for the Court to Accept the $39.00 Filing Fee. (Case No. 8:08CV190, Filing No. 2.)[1] In each of the

---

[1] Although Maehr did not file a Motion in Case Nos. 8:08CV213 and 8:08CV214, he filed a document titled "Brief and Memorandum of Law Challenging the Legality of the Filing Fee" in those cases. (Case No. 8:08CV213, Filing No. 2; Case No. 8:08CV214, Filing No. 2..) The court treats these documents as Motions for purposes of this Memorandum and Order.

above-captioned cases, Maehr filed a document titled "Petition to Quash Third Party Summons," rather than a complaint. (Case No. 8:08CV190, Filing No. 1; Case No. 8:08CV213, Filing No. 1; Case No. 8:08CV214, Filing No. 1.) At the time of filing, Maehr asserted that a filing fee of $39.00 was the appropriate filing fee for each "Petition," and that is the fee he paid in each case. The court determined that a filing fee of $350.00 per case was required, but permitted Maehr to file a brief regarding the issue of the filing fee. (Case No. 8:08CV190, Filing No. 4.)

Maehr filed a Brief and Memorandum of Law ("Brief") in Case Nos. 8:08CV213 and 8:08CV214. (Case No. 8:08CV213, Filing No. 2; Case No. 8:08CV214, Filing No. 2.)[2] In his Brief, Maehr argues that $39.00 is the appropriate filing fee because he filed "similar Petitions in Federal Court" in "N. Caroline [sic], New Mexico and Virginia" and those jurisdictions "accepted the $39 filing fees for Petition to Quash." (Case No. 8:08CV213, Filing No. 2; Case No. 8:08CV214, Filing No. 2.) Maehr further argues that the filing fee is a "tax" which must be uniform across the 50 states and therefore this District must accept the $39.00 filing fee. (Case No. 8:08CV213, Filing No. 2; Case No. 8:08CV214, Filing No. 2.)

The court has found no statutory or other support for Maehr's position. To the contrary, and in accordance with 28 U.S.C. § 1914(a), any party who institutes "any civil action, suit or proceeding" must pay a filing fee of $350.00. *Id.* The court has carefully

---

[2]Due to Maehr's failure to include the appropriate case number on his filings, the Brief and Memorandum of Law was not filed in Case No. 8:08CV190. The court considers the Brief and Memorandum of Law as filed in all three cases, and will direct the Clerk of the court to file the document in Case No. 8:08CV190. However, Maehr is cautioned that all future filings must include the appropriate case number.

reviewed the record in these three cases. These matters are civil proceedings, regardless of the label Maehr has placed on them. Therefore, the filing fee for each case is $350.00. The court will permit Maehr 30 days in which to pay the remainder of the filing fee in each case, or alternatively, to submit a motion for leave to proceed in forma pauperis and an affidavit in support.

    IT IS THEREFORE ORDERED that:

1. Maehr's Motion for the Court to Accept the $39.00 Filing Fee (case no. 8:08CV190, Filing No. 2) is denied;

2. Maehr shall have until **September 18, 2008,** in which to pay the balance of the court's $350.00 filing fee in each of Case Nos. 8:08CV190, 8:08CV213, and 8:08CV214;

3. Alternatively, Maehr may submit a motion for leave to proceed in forma pauperis and affidavit in support in each of Case Nos. 8:08CV190, 8:08CV213, and 8:08CV214;

4. In the event that Maehr fails to either pay the remainder of the filing fee in each case, or to submit a motion in each case, these cases will be dismissed without further notice and without prejudice;

5. The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: September 18, 2008: deadline for Plaintiff to pay balance of fee or file IFP motions; and

6. The Clerk of the court is directed to file Maehr's Brief and Memorandum of Law (case no. 8:08CV213, Filing No. 2) in Case No. 8:08CV190.

DATED this 21st day of August, 2008.

    BY THE COURT

    s/Laurie Smith Camp
    United States District Judge